UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SELVIN EMILSON VINDEL,

    Petitioner,

v.                                              Case No.  3:14cv442/MCR/CJK

JULIE L. JONES,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This habeas case, filed under 28 U.S.C. § 2254, is before the court upon petitioner's petition (doc. 1), respondent's amended answer (doc. 18), relevant portions of the state court record (doc. 14), and petitioner's replies (docs. 16, 26). Respondent seeks dismissal of the petition as time-barred, arguing in the alternative that petitioner is not entitled to habeas relief because Ground One is without merit and Ground Two is procedurally defaulted.  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The

undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On August 20, 2010, petitioner was found guilty by jury verdict of robbery with a firearm in Escambia County Circuit Court Case No. 09-CF-4665. (Doc. 14, Ex. A, p. 34).[1]  Petitioner was adjudicated guilty and sentenced to 30 years imprisonment with a 10-year mandatory minimum.  (Ex. A, pp. 36-57, 71-78). Judgment was rendered September 20, 2010.  (Ex. A, pp. 71-78).  The Florida First District Court of Appeal (First DCA) affirmed the judgment on June 20, 2011, per curiam and without a written opinion.  *Vindel v. State*, 64 So. 3d 1267 (Fla. 1st DCA 2011) (Table) (copy at Ex. F).

On August 25, 2011, petitioner filed his first motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 (Ex. G, pp. 30-35), which he later amended (*id*., pp. 39-44).  The state circuit court denied the amended motion on September 4, 2012, after an evidentiary hearing.  (Ex. H, pp. 149-240 (order); Ex. G, pp. 60-129 (transcript of evidentiary hearing)).  The First DCA affirmed, per curiam and without a written opinion.  *Vindel v. State*, 115 So. 3d 1008 (Fla. 1st DCA 2013) (copy at Ex. K).  The mandate issued July 23, 2013.  (*Id*.).

---

[1] All references to exhibits are to those provided at Doc. 14.

Case 3:14-cv-00442-MCR-CJK   Document 27   Filed 01/09/17   Page 3 of 13

*Page 3 of 13*

On January 16, 2014, petitioner submitted a "Second or Successive Motion for Post Conviction Relief". (Ex. L, pp. 1-7). The state circuit court dismissed the motion "as successive and untimely." (*Id*., p. 17). The First DCA affirmed, per curiam and without a written opinion. *Vindel v. State*, 145 So. 3d 837 (Fla. 1st DCA 2014) (copy at Ex. O). The mandate issued July 22, 2014. (*Id*.). Petitioner filed his federal habeas petition on August 28, 2014. (Doc. 1, p. 1).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

*Case No. 3:14cv442/MCR/CJK*

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Petitioner's judgment of conviction was affirmed on direct appeal on June 20, 2011. Petitioner did not seek further review. Petitioner's conviction became "final" for purposes of § 2244(d) on September 19, 2011, when the ninety-day period for seeking certiorari from the United States Supreme Court expired.[2] *See* 28 U.S.C. §

---

[2] The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate. *See* Sup. Ct. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006). September 18, 2011, was a Sunday.

2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court).

At the time petitioner's conviction became final, petitioner's first Rule 3.850 motion (filed on August 25, 2011) was pending, which statutorily tolled the limitations period until July 23, 2013, the date the mandate issued in petitioner's appeal from the order denying postconviction relief. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the limitations period, until the appellate court's issuance of the mandate on appeal).

Petitioner's "Second or Successive Motion for Post Conviction Relief" filed on January 16, 2014, dismissed by the state court as untimely (and successive), did not statutorily toll the limitations period because it was not "properly filed" within the meaning of § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (holding that a state postconviction application rejected by the state court as untimely is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2): "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." (internal quotation marks and citation omitted)); *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 169 L. Ed.

2d 329 (2007) (holding that an untimely state postconviction petition was not "properly filed" under § 2244(d)(2), regardless of the state time limit's nonjurisdictional status); *see also Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. 2006) (holding that when a state court determines that a postconviction application is untimely, yet also rejects the application on an alternative basis such as lack of merit, "the timeliness decision standing alone compels a federal court to conclude that the state motion was not 'properly filed.'" (citations omitted)).

As more than one year passed between issuance of the First DCA's mandate in petitioner's first postconviction appeal on July 23, 2013, and the filing of petitioner's federal habeas petition on August 28, 2014, the petition is untimely. Petitioner seeks to overcome expiration of the statute of limitations by invoking the miscarriage of justice exception. Petitioner asserts:

> Petitioner submits that he is "actually innocent" as cause to excuse his untimeliness and to excuse the procedural default in this case. Petitioner requests this Court to allow him the opportunity to amend his petition to meet the requirements pursuant to Schlup v. Delo, 513 U.S. 298 (1995). The Petitioner was not given an interpreter in the state court during trial. In Ground 2 of his petition he alleges that DNA evidence that was not presented by his counsel was exculpatory. The Petitioner had no knowledge of this DNA evidence and this evidence was not spoken about on the record. The DNA evidence is "new reliable evidence not presented in the state court" sufficient to meet the requirements of Schlup v. Delo, 513 U.S. 298 (1995) and excuse the untimeliness of the motion and the procedural default of ground 2.

(Doc. 26, pp. 1-2).  Ground Two of petitioner's habeas petition, which claims that trial counsel was ineffective for failing to present "evidence for [petitioner's] benefit" at trial, (doc. 1, Ground Two, p. 5), describes, in detail, the DNA evidence now forming the basis of petitioner's actual innocence claim.  Petitioner alleges:

> On May 27, 2010, during an "in chambers' conference, the state disclosed that a hat, gloves, and shirt being held as evidence, which was alleged to have been worn by the petitioner during the course of the alleged robbery, had been examined and various biological specimens removed for DNA analysis.  A comparison was done of petitioner's DNA and that of the specimens obtained from the hat, gloves, and shirt. The State advised that the DNA from the various clothing items matched one another but <u>did not match the DNA of petitioner</u>. All parties and the judge heard this report, yet no action was taken.
>
> Petitioner proceeded to trial without any consideration being given to using the evidence for his benefit.
>
> Petitioner argues that his counsel had a duty to use this scientific data as part of Petitioner's defense. . . . In Petitioner's case, he, at all times, maintained that he was innocent of the charges and that his co-defendant actually did the crime without Petitioner's knowledge. . . . Petitioner has a well founded belief that a showing before the jury that his DNA was not found on the evidence (clothing worn by robber) would have supported his defense theory that he was not the robber in this case. . . .
>
> Petitioner was prejudiced by counsel's failure to present favorable DNA evidence or obtain an expert to assist him in doing so. Because DNA testing was done on items alleged to be worn by Petitioner during the robbery in this case, Petitioner has a well founded belief that jurors, upon hearing evidence and expert testimony regarding the fact that someone else's DNA was found in the hat, gloves, and shirt worn by the robber, would have been faced with a

> "reasonable doubt as to his guilt. This is especially true considering the well documented "CSI effect" which influenced many modern American jurors. There is a reasonable probability that jurors would have refused to find the petitioner guilty when the DNA evidence called into question Petitioner's presence at the scene of the crime. . . .

(Doc. 1, pp. 5-6) (emphasis in original).

In *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that federal courts have equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition. *Id.* at 1934. "In order to show the type of 'miscarriage of justice' that will excuse a procedural bar, a petitioner must make a colorable showing of actual innocence." *Crawford v. Head*, 311 F.3d 1288, 1327 (11th Cir. 2002) (*quoting Isaacs v. Head*, 300 F.3d 1232, 1255 (11th Cir. 2002)). Such a showing requires the petitioner to satisfy the *Schlup* standard, *McQuiggin*, 133 S. Ct. at 1928 (*citing Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)), by demonstrating that constitutional error "probably resulted" in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 324, 326-27. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.*, 513 U.S. at 324. "[A] petitioner does not meet

the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329; *see House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 133 S. Ct. at 1936 (*quoting Schlup*, 513 U.S. at 316).

Even assuming the alleged DNA analysis/report exists and is as petitioner describes, petitioner fails to meet the threshold showing required by *Schlup*. At trial, the State presented an abundance of identification evidence which included, but was not limited to: (1) video footage from the surveillance camera of the store petitioner robbed, which captured images of petitioner (unmasked) robbing the clerk at gunpoint, (2) video footage of petitioner placing the gun he used during the robbery into his right front jeans pocket as he left the store, and a deputy sheriff's testimony that when he removed petitioner from the getaway car (a gold Cadillac with Alabama plates) minutes after the robbery and within 4-6 blocks of the store, the deputy retrieved a gun from petitioner's right front jeans pocket, (3) the store-clerk victim's

unequivocal out-of-court and in-court identifications of petitioner as the robber, supported by the victim's testimony that she observed petitioner's face at close range for 3-4 minutes during the robbery and made mental notes of his features so she could identify him later, (4) the store-clerk victim's testimony that when she saw petitioner at the show-up identification conducted within minutes of the robbery, petitioner was wearing the same jeans he wore during the robbery, (5) testimonial and physical evidence that as petitioner was pulled from the passenger side of the getaway vehicle, a plastic bag taken from the store, filled with property stolen from the store, spilled from petitioner's lap onto the ground, and (6) the store-clerk victim's testimony detailing petitioner's physical characteristics which made her certain – in both her show-up identification and her in-court identification of petitioner as the robber – that it was petitioner who robbed her and not petitioner's co-defendant. (Ex. B, pp. 90-154 (trial transcript)).[3] In light of this abundant, if not overwhelming identification evidence, petitioner has not shown that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. In reaching this conclusion the court is mindful that during closing argument, defense counsel argued that there was no DNA evidence linking petitioner to the shirt, hat and gloves found in the getaway

---

[3] This list includes only the strongest evidence.
*Case No. 3:14cv442/MCR/CJK*

vehicle.  (Ex. B, pp. 173, 175).  The court is also mindful of the undisputed fact that during the show-up identification, petitioner and his co-defendant each wore the hat that is the subject of petitioner's DNA evidence, (*see* Ex. B, p. 129 (victim's testimony describing the show-up)), yet subsequent DNA testing of the hat did not reveal a match with petitioner's DNA.  This further diminishes the probative and exculpatory value of petitioner's proffered DNA evidence.

Viewing the totality of the evidence (both petitioner's proffered new evidence and the evidence presented at trial), the undersigned concludes that the alleged DNA test result revealing a lack of petitioner's DNA on the shirt, hat and rubber gloves worn during the robbery and recovered from petitioner's area of the getaway vehicle is not "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  *Schlup*, 513 U.S. at 316.  Petitioner has not met his burden under *Schlup*, and provides no specific basis to find that amendment of his petition could cure this deficiency.

## CONCLUSION

Petitioner's federal habeas petition was filed outside AEDPA's one-year statute of limitations, and is time-barred.  Petitioner has not made the threshold showing required by *Schlup* to invoke the miscarriage of justice exception.

Petitioner's failure to timely file his federal habeas petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Selvin Emilson Vindel*, Escambia County Circuit Court Case No. 09-CF-4665, be DISMISSED WITH PREJUDICE.

2. That the clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 9th day of January, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.